# United States Court of Appeals
# for the Fifth Circuit

No. 21-60140

In re: Dillion Williams,

*Movant.*

A True Copy
Certified order issued Apr 02, 2021

Lyle W. Cayce
Clerk, U.S. Court of Appeals, Fifth Circuit

Motion for an order authorizing
the United States District Court for the
Northern District of Mississippi to consider
a successive 28 U.S.C. § 2254 application

Before Davis, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:

Dillion Williams,[1] Mississippi prisoner # 163974, moves this court for authorization to file a successive 28 U.S.C. § 2254 application to challenge his convictions for burglary and aggravated assault and his resulting 65-year sentence. In his proposed application, he seeks to raise the following claims: (1) the trial court lacked jurisdiction to sentence him, (2) counsel was ineffective, (3) his enhanced sentence violated his due process rights and Mississippi law because he should have been sentenced by a jury rather than the trial judge, and (4) his guilty plea was unknowing and involuntary because he suffers from mental disabilities.

---

[1] Williams's first name is listed as "Dillion" in this case, but his prior proceedings refer to him as "Dillon" Williams.

No. 21-60140

We may authorize the filing of a successive § 2254 application only if the movant makes a prima facie showing that his claims rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or that "the factual predicate for the claim[s] could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim[s], if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty." 28 U.S.C. § 2244(b)(2); *see* 28 U.S.C. § 2244(b)(3)(C).

Although he conclusionally asserts that he has made the required prima facie showing, Williams makes no argument that his proposed claims rely on any new, retroactively applicable rule of constitutional law, nor has he shown that they involve any new, previously undiscoverable facts. *See* § 2244(b)(2). To the extent that Williams seeks to renew his previously raised claims that he should have been sentenced by a jury rather than the trial judge and that counsel was ineffective in advising him to plead guilty and in failing to communicate with him or raise issues he wanted raised, those claims are barred. *See* 28 U.S.C. § 2244(b)(1).

Accordingly, IT IS ORDERED that Williams's motion for authorization to file a successive § 2254 application is DENIED.

# United States Court of Appeals
## FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

April 02, 2021

Mr. David Crews
Northern District of Mississippi, Oxford
United States District Court
911 Jackson Avenue
Room 369
Oxford, MS 38655

    No. 21-60140   In re: Dillion Williams
                          USDC No. 3:20-CV-287

Dear Mr. Crews,

Enclosed is a copy of the judgment issued as the mandate.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Shea E. Pertuit, Deputy Clerk
                        504-310-7666

cc w/encl:
    Mr. Dillion Williams